**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SASHANE HALL,**

Plaintiff,

v.

**THE ACADEMY CHARTER SCHOOL,**

Defendant.

Case No. 2:24-cv-08630 (JMW)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PRE-MOTION CONFERENCE**

Plaintiff Sashane Hall ("Plaintiff") respectfully submits this letter in opposition to the Letter Motion for Pre-Motion Conference ("Letter Motion") [ECF No. 23] filed by defendant The Academy Charter School ("Defendant") on March 13, 2025, seeking permission to move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff opposes any argument by Defendant asserting that the Complaint should be dismissed for failure to file a notice of claim. This relief sought by the Defendant is without merit for the following reasons.

## I. NOTICE OF CLAIM IS NOT REQUIRED FOR FEDERAL CIVIL RIGHTS CLAIMS BROUGHT AFTER EEOC RIGHT-TO-SUE LETTER

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") and received a Notice of Right to Sue, in full compliance with the procedural prerequisites to bring a claim under Title VII of the Civil Rights Act of 1964 ("Title VII").

Under federal law governing Title VII claims, a plaintiff must (1) file a Charge of Discrimination with the EEOC; (2) receive a Notice of Right to Sue; and (3) commence a lawsuit within 90 days of receipt of such notice. *See* 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp.*

*v. Green,* 411 U.S. 792 (1973). There is no requirement under Title VII for a plaintiff to serve a notice of claim as a prerequisite to bringing suit. The Second Circuit has consistently held that federal civil rights claims are not subject to state or local notice-of-claim requirements. See *Felix v. New York City Transit Authority,* 324 F.3d 102, 104 (2d Cir. 2003) (claims under Title VII, § 1981, and § 1983 are not subject to New York notice-of-claim statutes); *Picciano v. Nassau Cty. Civil Serv. Comm'n* 290 A.D.2d 164, 170 (2d Dep't 2001) (state notice of claim requirements do not apply to federal claims); *Patterson v. County of Oneida,* 375 F.3d 206, 226 (2d Cir. 2004) (State notice-of-claim statutes do not apply to federal claims under § 1983 or Title VII). Thus, Defendant's argument fails as a matter of law.

**II. PLAINTIFF IS NOT SUING THE STATE OF NEW YORK OR A MUNICIPAL ENTITY**

Assuming arguendo that a notice of claim is required in some contexts, such requirements apply only where a plaintiff brings claims against a municipal entity or public body under state law.

Education Law § 3813 specifically identifies the entities for which notices of claim are a condition precedent to suit, including not only school districts and boards of education, but also particular state-supported schools. Nevertheless, a charter school, established pursuant to Article 56 of the Education Law, is not one of the entities specified therein. The "'maxim expressio unius est exclusio alterius' applies 'in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded'" (Colon v Martin, 35 NY3d 75, 78, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; see Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665).

Plaintiff is not suing the State of New York, nor any arm or subdivision thereof. Defendant is not a municipal agency or an extension of the State government. Therefore, even under state law, the notice-of-claim requirement would not be applicable in this case.

## III. THE ACADEMY CHARTER SCHOOL IS NOT A PUBLIC OR GOVERNMENTAL ENTITY FOR NOTICE OF CLAIM PURPOSES

Charter schools in New York, including Defendant, are independently operated and are not considered governmental entities for purposes of notice-of-claim requirements. Courts in New York have held that charter schools are distinct from local governments and are not covered by provisions such as New York Education Law § 3813, which applies to public school districts and boards of education.

Charter schools are organized as nonprofit education corporations under New York Education Law § 2851(2)(b) and are governed by New York Education Law Article 56. In *Laskowski v. Liberty Partners Restaurant Group Inc.,* 2011 WL 817498, at *3 (S.D.N.Y. Mar. 9, 2011), the court held that the notice of claim requirement under § 3813 applies only to claims against public school districts or boards of education. Similarly, in *Lindner v. Forest Hills Montessori School,* 2011 WL 1334869, at *4 (E.D.N.Y. Apr. 6, 2011), the court found that private and nonprofit institutions that do not constitute public school districts are not covered under § 3813(1)'s notice requirement. Further, in *Matter of K.M. v. Bronx Charter School for Better Learning,* 2011 NY Slip Op 32728(U) (Sup. Ct. Bronx County), the court held that a charter school was not a "school district" or "board of education" under the statute.

In addition, traditional forms of municipal government, such as counties, cities, towns, and villages, are political subdivisions of the state within the meaning of N.Y. Const. art. V, § 1. At the other end of the spectrum, private, not-for-profit corporations are not political subdivisions, even

where they are extensively regulated by the State and play an important role in areas of substantial state concern. *See Matter of New York Charter Schools Association, Inc. v. DiNapoli,* 20 Misc. 3d 235, 236 (Sup. Ct. Albany County 2008).

Although created by the State and subject to dissolution by the State, public corporations are independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary state board, department, or commission. The corporate entity is interposed both to protect the State from liability and to enable public projects to be carried on free from restrictions otherwise applicable. *Id*.

Accordingly, even if this suit was brought under state law—which it has not—the notice-of-claim requirement would still not apply and Defendant would have been entitled to such notice.

## V. CONCLUSION

For the foregoing reasons, Plaintiff complied fully with federal law in exhausting administrative remedies via the EEOC. Defendant is not a municipal entity or its extension and is not entitled to receive any notice-of-claim as it claims in its Letter Motion. Accordingly, Defendant's Letter Motion is baseless and must be denied in its entirety.

Plaintiff respectfully requests that the Court deny Defendant's request for a pre-motion conference and allow this case to proceed on the merits.

Dated: June 6, 2025

Respectfully submitted,

**GEHI & ASSOCIATES**

/s/ Naresh M. Gehi
Naresh M. Gehi, Esq.

173-29 Jamaica Ave.,
Jamaica, NY 11432
Ph: (718) 764-6911
E: court@gehilaw.com